**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRIUMPH FURNITURE PROCESSING-EXPORT JOINT STOCK, a Vietnam Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EVEREST FURNITURE COMPANY, a California Corporation,<br><br>Defendant. | No. 1:13-cv-1648-AWI-GSA<br><br>**ORDER TRANSFERRING CASE BACK TO THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA** |

This civil action was initially filed in the United States District Court, Northern District of California ("Northern District") on April 17, 2013. (Doc. 1). The complaint alleges three causes of action: 1) breach of contract, 2) promissory fraud, and 3) constructive fraud. Defendant, Everest Furniture Company ("Defendant"), did not appear after being served with the complaint. Default was entered on June 28, 2013. (Doc. 7).

On June 28, 2013, Plaintiff filed a Motion for Default Judgment. (Doc. 8). On August 29, 2013, Magistrate Judge Nathanael M. Cousins issued Findings and Recommendations Recommending that Plaintiff's Motion for Default Judgment be granted. (Doc. 10). On September 24, 2013, District Court Judge Susan Illston issued an Order to Show Cause Why the Case Should Not be Transferred to the United States Court in the Eastern District of California. (Doc. 12). Plaintiff's counsel did not file a response to the OSC and the case was transferred to

1

this Court on October 11, 2013. (Docs. 13 and 14).

After the case was transferred, new civil case documents were issued and an initial scheduling conference was scheduled for January 16, 2014. Counsel was ordered to attend the scheduling conference and to file a scheduling report one week prior to the hearing. (Doc. 15, pg. 3). No scheduling report was filed. On January 10, 2014, the Court converted the scheduling conference into a status conference.

On January 16, 2014, despite the Court's order, Plaintiff's counsel did not appear at the status conference. An Order to Show Cause Why the Case Should Not be Dismissed for Failure to Prosecute was issued on January 17, 2014. (Doc. 19). On January 28, 2014, Counsel for Plaintiff, Jeffrey Benice, filed a declaration stating that he had not received prior orders from this Court, nor did he receive the Order to Show Cause Why the Case Should Not be Transferred from the Northern District.[1] (Doc. 20).

Based on counsel's response, this Court discharged its Order to Show Cause. (Doc. 21). However, counsel was ordered to file a declaration addressing whether venue was proper in this district. (Doc. 21). In particular, this Court noted that the basis for the transfer is that the Complaint alleges that the Defendant has an office in Fresno, California. (Doc. 1, pg. 2, ¶¶ 2 and 6). However, a review of several of the documents attached to the complaint indicates that the Defendant's company is not located in Fresno, but is in fact located in Freemont, California, in Alameda County. (Doc. 1, at Exhibit A, pgs. 25, 32, 33, 36, 37, 40, 41, 47, 48, 53, 60-61). Moreover, Defendant was served with a copy of the Summons and Complaint in San Jose, California on May 6, 2013. (Doc. 4).

On February 18, 2014, Plaintiff's counsel filed a declaration that was unresponsive to the Court's concerns. (Doc. 22). The Court scheduled a status conference for March 6, 2014, and

---

[1] The Court notes that the docket reflects Plaintiff's counsel was served with all notices at the e-mail addresses listed on the CM/ECF system.

2

ordered that Plaintiff's counsel be prepared to discuss why this case should not be transferred back to the Northern District, however Plaintiff's counsel did not appear at the status conference.

Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C.A. § 1391.  Based on the above, this Court directs that this matter be transferred back to the United States District Court for the Northern District of California.  Although the complaint alleges that Defendant is located in Fresno, California, all of the documents in support of the complaint, including the contract, the invoices, and the packing lists indicate that Defendant is located in Freemont, California. (Doc. 1, at Exhibit A, pgs. 25, 32, 33, 36, 37, 40, 41, 47, 48, 53, 60-61).  Moreover, Defendant was served in San Jose, California, and a Magistrate Judge has already issued Findings and Recommendations regarding Plaintiff's Motion for Default in the Northern District.  Accordingly, **IT IS HEREBY ORDERED**, that this case be transferred back to the United States District Court, Northern District of California.

IT IS SO ORDERED.

Dated:   **March 6, 2014**                              /s/ Gary S. Austin
                                                            UNITED STATES MAGISTRATE JUDGE